E-FILED
Thursday, 28 October, 2004  04:30:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HERMAN NITZ, #N-08438, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  02 CV 3249 |
| | ) |
| DONALD SNYDER, JR., et. al., | ) |
| | ) |
| Defendants. | ) |

**PROPOSED FINAL PRE-TRIAL ORDER**

    This matter having come before the Court at a pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3; and Herman Nitz having appeared pro se, and Julie Morgan having appeared as counsel for the Defendants.

I.    **NATURE OF ACTION AND JURISDICTION**

    This is a civil rights action brought by pursuant to 42 U.S.C. §1983 for alleged constitutional violations of the Plaintiff's First Amendment right to free speech and Eighth Amendment right to be free from cruel and unusual punishment.  Specifically, Plaintiff claims that his First Amendment rights were violated at the Logan Correctional Center when the Defendants: 1) allegedly retaliated against the Plaintiff on May 22, 2002 by searching his cell and writing him a disciplinary report for filing grievances about lack of hygiene supplies, the library copying policy, and inmate Edens' charging for legal services; and 2) denied Plaintiff access to the courts by confiscating pleadings and refusing to return them and denied him access to the law library for eight months which caused him to lose his habeas corpus and state post-conviction proceedings respectively.  Plaintiff also claims that his First Amendment rights were violated by Defendant Fishel when he opened and read the Plaintiff's privileged legal mail on May 22, 2002.  Plaintiff claims his Eighth Amendment rights were violated by the Defendants when they denied the Plaintiff hygiene supplies for nine months at the Logan Correctional Center.  Plaintiff also claims that pursuant to 42 U.S.C. §1983, all of the Defendants conspired to retaliate against the Plaintiff.

    Defendants Snyder, Fishel, Ross, and Cox deny violating Plaintiff's First and Eighth Amendment rights.  Defendants deny violating 42 U.S.C. §1983.  The jurisdiction of the Court is invoked under §28 U.S.C., §1331, and 28 U.S.C. §1343.  The jurisdiction of the Court is not disputed.

II. **JOINT STATEMENT**

    A. **UNCONTESTED ISSUES OF FACT**

        1. At all times relevant, Plaintiff was an inmate incarcerated at the Logan Correctional Center.

        2. At all times relevant, Defendants Fishel, Ross, and Cox were employed at the Logan Correctional Center.

        3. At all times relevant, Defendant Snyder was the Director of the Illinois Department of Corrections

        4. At all times relevant, Defendants Snyder, Fishel, Ross, and Cox were acting under color of state law.

    B. **CONTESTED ISSUES OF FACT**

        1. Whether Defendants had a legitimate penological interest in having Plaintiff's cell searched on May 22, 2002.

        2. Whether Plaintiff's cell was searched on May 22, 2002 due to him writing a grievance about lack of hygiene supplies, the library copying policy, and inmate Edens' charging for legal services.

        3. Whether Defendants had a legitimate penological interest in writing the Plaintiff a May 22, 2002 Disciplinary Report and subsequently finding the Plaintiff guilty of the Disciplinary Report.

        4. Whether Plaintiff received a May 22, 2002 Disciplinary Report due to him writing a grievance about lack of hygiene supplies, the library copying policy, and inmate Edens' charging for legal services.

        5. Whether Defendants denied Plaintiff's later grievances due to him writing an earlier grievance about lack of hygiene supplies, the library copying policy, and inmate Edens' charging for legal services

        6. Whether Plaintiff's privileged legal mail was repeatedly opened.

        7. Whether Plaintiff was denied hygiene items because he did not have money to pay for them.

        8. Whether Defendants acted maliciously and sadistically for the very purpose of causing harm to the Plaintiff.

9. Whether Defendants confiscated Plaintiff's habeas corpus petition and refused to return it.

10. Whether Defendants' actions were the proximate cause of having his habeas corpus petition denied.

11. Whether Defendants' actions caused the Plaintiff to suffer an actual injury in his habeas corpus action.

12. Whether Plaintiff was denied access to the law library for eight months.

13. Whether Defendants' actions were the proximate cause of having Plaintiff state post-conviction appeal denied.

14. Whether Defendants' actions caused the Plaintiff to suffer an actual injury in his state post-conviction appeal.

15. Whether Defendants conspired to retaliate against the Plaintiff.

16. Whether Defendant Snyder signed an August 9, 2002 letter.

C. **CONTESTED ISSUES OF LAW**

1. Whether Defendants violated Plaintiff's First Amendment rights by writing the Plaintiff a May 22, 2002 Disciplinary Report for damage or misuse of property and contraband and finding Plaintiff guilty of same.

2. Whether Plaintiff had a protected liberty interest in writing a grievance about lack of hygiene supplies, the library copying policy, and inmate Edens' charging for legal services.

3. Whether Plaintiff's grievance that contained information about his own possible rule violations is constitutionally protected.

4. Whether Defendants violated Plaintiff's First Amendment rights by opening his mail.

5. Whether Defendants violated Plaintiff's First Amendment rights concerning his access to courts with the litigation of his habeas corpus case and his post-conviction appeal case.

6. Whether Defendants violated Plaintiff's Eighth Amendment rights by denying him access to hygiene supplies.

       7.       Whether Plaintiff suffered any compensable injuries as provided by the Prisoner Litigation Reform Act.

       8.       Whether Defendant Snyder was personally violated Plaintiff's First and Eighth Amendment rights.

       9.       Whether the Defendants are entitled to qualified immunity.

      10.     Whether Plaintiff is entitled to punitive damages

**D.    JURY DEMAND**

Plaintiff waived his request for a jury trial on April 30, 2004.

**III.    PLAINTIFF'S STATEMENT**

    **A.    ITEMIZED STATEMENT OF DAMAGES**

Plaintiff seeks an unspecified amount of compensatory and punitive damages against the Defendants.

**IV.    EXHIBITS ATTACHED**

The following are attached as Exhibits to this Order and are made a part hereof:

    **A.    STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW** (see attached)

    **B.    PLAINTIFF'S WITNESS LIST** (see attached)

    **C.    DEFENDANT'S WITNESS LIST** (see attached)

    **D.    PLAINTIFF'S EXHIBIT LIST** (see attached)

    **E.    DEFENDANT'S EXHIBIT LIST** (see attached)

    **F.    JOINT EXHIBIT LIST** (see attached)

**V.    GENERAL ADDITIONAL**

    1.    The testimony of the following inmate witnesses is necessary for trial. The Clerk is directed to issue Writs of Habeas Corpus ad Testificandum for:

        Dennis Boyles, N-71107, via video
        Louis Morales, K-73810, via video
        Andrew Dura, K-82064, via video

       Roel Bermea, K-66019, via video
       James Edens, N-60262, via video
       John D. Brown, B-34351, via video

2.     The testimony of the following Illinois Department of Corrections employees is necessary for trial. The Defendants are ordered to produce the following witnesses without subpoena:

       James Cox, via telephone/video
       Troy Fishel
       Debbie Ross, via video at Concordia Court
       Stan Buckles, via video at Logan Correctional Center

3.     The testimony of the following witnesses who are neither inmate nor employees is necessary for trial. The Clerk is directed to issue trial subpoenas for the following. The Plaintiff must provide the witness fee ($40) and mileage ($.30 per mile) to the witness, and is responsible for service of the subpoena under Fed. R. Civ. P. 45.

       Aldo G. Botti
       Anthony J. Sassan
       Raymond J. Conklin
       Eric Smith

**IT IS UNDERSTOOD BY THE PARTIES THAT:**

Any Trial Briefs or Motions in limine shall be submitted no later than fourteen (14) days prior to the commencement of the trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial shall not exceed __2__ full days. The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. [Such modification may be made either on motion of counsel for any party or on the Court's own motion.]

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of

the evidence on matters that could not reasonably have been anticipated.

**IT IS SO ORDERED.**

ENTERED:_____, 2004         _____
                                                      JUDGE
APPROVED:

_____         s/Julie L. Morgan
Herman Nitz                             Julie Morgan
Plaintiff, Pro Se                       Assistant Attorney General
                                        Attorney for Defendants

**EXHIBIT A**

**STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW**

1. At all times relevant, Plaintiff was an inmate incarcerated at the Logan Correctional Center.

2. At all times relevant, Defendants Fishel, Ross, and Cox were employed at the Logan Correctional Center.

3. At all times relevant, Defendant Snyder was the Director of the Illinois Department of Corrections

4. At all times relevant, Defendants Snyder, Fishel, Ross, and Cox were acting under color of state law.

5. Plaintiff was housed at the Logan Correctional Center from November 15, 2000 to April 2, 2003.

6. Plaintiff wrote a May 4, 2002 grievance concerning hygiene supplies, the library copying policy, and an inmate Edens' charging for legal services.

7. On May 22, 2002, Defendant Fishel wrote the Plaintiff a Disciplinary Report for damage or misuse of property and contraband.

8. On May 22, 2002, Defendant Fishel confiscated property that was in Plaintiff's cell.

9. On May 22, 2002, Defendant Fishel wrote a shakedown slip for the property that was confiscated from Plaintiff's cell.

10. On May 23, 2002, Plaintiff had an Adjustment Committee hearing concerning the May 22, 2002 Disciplinary Report.

11. Plaintiff was found guilty of the May 22, 2002 Disciplinary Report.

12. The recommended discipline at the May 23, 2002 Adjustment Committee hearing was demotion to C grade for 1 month, placement in segregation for 3 days, and restitution of $15.00.

13. While Plaintiff was at Logan Correctional Center, he was having money deducted from his inmate trust fund account for court ordered restitutions.

14. On May 15, 2002 Defendant Ross wrote an incident report concerning the Plaintiff's actions in the law library that day.

15. The May 15, 2002 Incident Report contains the notation about the Plaintiff being a "predater".

**EXHIBIT B**

**PLAINTIFF'S WITNESS LIST**

1. Herman Nitz
2. Dennis Boyles, N-71107, via video
3. Louis Morales, K-73810, via video
4. Andrew Dura, K-82064, via video
5. Roel Bermea, K-66019, via video
6. James Edens, N-60262, via video
7. John D. Brown, B-34351, via video
8. Aldo G. Botti
9. Anthony J. Sassan
10. Raymond J. Conklin
11. Eric Smith
12. Counselor Stan Buckles

**EXHIBIT C**

**DEFENDANTS' WITNESS LIST**

1. James Cox
2. Debbie Ross
3. Troy Fishel
4. Rickey Skelton
5. Valerie Huffman
6. Cindy Fleshman
7. Kevin Standley
8. Mark LaMothe
9. Ernie Vanzant, Records Office, Vandalia Correctional Center
10. Connie Arnold, Medical Records Supervisor, Vandalia Correctional Center
11. Terri Anderson
12. Barbara A. Glover, Court Reporter

# EXHIBIT D

# PLAINTIFF'S EXHIBIT LIST

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 1 | Defendants' Answer and Affirmative Defenses | X | Relevancy |
| 2 | Snyder's Response and Supplemental Response to Plaintiff's Interrogatories | X | Relevancy |
| 3 | Cox's Responses to Plaintiff's Interrogatories | X | Relevancy |
| 4 | Ross' Responses to Plaintiff's Interrogatories | X | Relevancy |
| 5 | Fishel's Responses to Plaintiff's Interrogatories | X | Relevancy |
| 6 | Defendants' Response to Plaintiff's First Request for Admissions | X | Relevancy |
| 7 | Defendants' Response to Plaintiff's Second Request for Admissions | X | Relevancy |
| 8 | Defendants' Response to Plaintiff's Third Request for Admissions | X | Relevancy |
| 9 | Defendants' Response to Plaintiff's Fourth Request for Admissions | X | Relevancy |
| 10 | Defendants' Response to Plaintiff's Fifth Request for Admissions | X | Relevancy |
| 11 | Defendants' Response to Plaintiff's Sixth Request for Admissions | X | Relevancy |

# EXHIBIT D

## PLAINTIFF'S EXHIBIT LIST CONTINUED

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 12 | Defendants' Response to Plaintiff's Seventh Request for Admissions | X | Relevancy |
| 13 | Defendants' Response to Plaintiff's Eighth Request for Admissions | X | Relevancy |
| 14 | Defendants' Response to Plaintiff's Ninth Request for Admissions | X | Relevancy |
| 15 | Defendants' Response to Plaintiff's Tenth Request for Admissions | X | Relevancy |
| 16 | Defendants' Response to Plaintiff's Eleventh Request for Admissions | X | Relevancy |
| 17 | Snyder's Objection to Plaintiff's Second Set of Interrogatories | X | Relevancy |
| 18 | Snyder's Objections to Plaintiff's Third Set of Interrogatories | X | Relevancy |
| 19 | Fishel's Objections to Plaintiff's Third Set of Interrogatories | X | Relevancy |
| 20 | Ross' Objections to Plaintiff's Third Set of Interrogatories | X | Relevancy |
| 21 | Cox's Objections to Plaintiff's Third Set of Interrogatories | X | Relevancy |
| 22 | Snyder's Objections to Plaintiff's Fourth Set of Interrogatories | X | Relevancy |

# EXHIBIT D

## PLAINTIFF'S EXHIBIT LIST CONTINUED

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 23 | Fishel's Objections to Plaintiff's Fourth Set of Interrogatories | X | Relevancy |
| 24 | Ross' Objections to Plaintiff's Fourth Set of Interrogatories | X | Relevancy |
| 25 | Cox's Objections to Plaintiff's Fourth Set of Interrogatories | X | Relevancy |
| 26 | Snyder's Response to Plaintiff's First Request for Production of Documents | X | Relevancy, hearsay |
| 27 | Copies of the First Set of Interrogatories to Snyder, Cox, Ross, Edens, Fishel, King, and Montgomery | X | Relevancy, hearsay |
| 28 | Letter from Plaintiff to Defendants' Attorney Julie L. Morgan | X | Relevancy, hearsay |
| 29 | Documents produced pursuant To Plaintiff's First Request for Production of Documents Bate Stamped 1-56 | X | Relevancy, hearsay |
| 30 | Defendants' Response to Plaintiff's Notice of Motion to Address the Court | X | Relevancy, hearsay |
| 31 | Defendants' Response to Plaintiff's Motion Opposing Defendants' Response to Plaintiff's Notice of Motion to Address the Court | X | Relevancy, hearsay |
| 32 | Defendants' Supplemental Response to Plaintiff's Request For Production of Documents Bate Stamped 57-175 | X | Relevancy, hearsay |

# EXHIBIT D

## PLAINTIFF'S EXHIBIT LIST CONTINUED

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 33 | Defendants' Response to Plaintiff's Second Request For Production of Documents Bate Stamped 175-223 | X | Relevancy, hearsay |
| 34 | Defendants' Response to Plaintiff's Motion for Leave To Present Defendants with Additional Interrogatories In Excess of the Statutory Limit | X | Relevancy, hearsay |
| 35 | Defendants' Response to Plaintiff's Declaration and Request for Sanctions | X | Relevancy, hearsay |
| 36 | Defendants' Responses to Plaintiff's Motions to Compel | X | Relevancy, hearsay |
| 37 | Defendants' Response to Plaintiff's First Set of Interrogatories to Defendant Montgomery | X | Relevancy, hearsay |
| 38 | Defendants' Responses to Plaintiff's Counter-objections | X | Relevancy, hearsay |
| 39 | Defendant Montgomery's Responses to Plaintiff's First Request for Interrogatories | X | Relevancy, hearsay |
| 40 | Defendant Montgomery's Responses to Plaintiff's Second Request for Interrogatories | X | Relevancy, hearsay |
| 41 | Defendant King's Responses to Plaintiff's First Request for Interrogatories | X | Relevancy, hearsay |

# EXHIBIT D

## PLAINTIFF'S EXHIBIT LIST CONTINUED

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 42 | Defendant King's Responses to Plaintiff's Second Request for Interrogatories | X | Relevancy, hearsay |
| 43 | Defendant Montgomery's Response to Plaintiff's Third Request for Production of Documents | X | Relevancy, hearsay |
| 44 | Defendant King's Response to Plaintiff's Third Request for Production of Documents | X | Relevancy, hearsay |

# EXHIBIT E

## DEFENDANTS' EXHIBIT LIST

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 1 | Plaintiff's deposition | | |
| 2 | May 4, 2002 grievance | | |
| 3 | May 22, 2002 Disciplinary Report | | |
| 4 | May 23, 2002 Adjustment Committee Summary | | |
| 5 | Plaintiff's Trust Fund Account | | |
| 6 | Court ordered fees/restitutions | | |
| 7 | Plaintiff's Commissary Fund | | |
| 8 | Plaintiff's Medical Records | | |
| 9 | May 22, 2002 Shakedown Slips | | |
| 10 | OTS printouts concerning Plaintiff's call passes to the library | | |
| 11 | May 15, 2002 Incident Report | | |
| 12 | Court orders dismissing Plaintiff's habeas corpus case and state post-conviction case | | |
| 13 | August 9, 2002 ARB letter | | |
| 14 | Plaintiff's payroll slips | | |

**EXHIBIT F**

**JOINT EXHIBIT LIST**

None at this time.

-16-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HERMAN NITZ, #N-08438, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  02 CV 3249 |
| | ) |
| DONALD SNYDER, JR., et. al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2004, I electronically filed the Proposed Final Pre-Trial Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on October 28, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

Mr. Herman Nitz
C/O Lawrence Nitz and Dawn Corbin
2245 Surrey Drive
Apt G-3
Glen Ellen, Illinois 60137

Respectfully submitted,
 s/Julie L. Morgan
Julie L. Morgan, #6271352
Attorney for Defendants
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
jlmorgan@atg.state.il.us